UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAKEVIEW FINANCIAL, INC., an Idaho Corporation,<br><br>                      Plaintiff,<br>   v.<br><br>STATE OF WASHINGTON DEPARTMENT OF FINANCIAL INSTITUTIONS BY AND THROUGH CHARLES E. CLARK, in his official capacity as Director of the Washington State Department of Financial Institutions, a political subdivision of the State of Washington,<br><br>                      Defendants. | CASE NO. 3:21-cv-05267-RJB<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

THIS MATTER comes before the Court on a Motion to Dismiss brought by defendants Washington State Department of Financial Institutions and its director (collectively "the Department"). Dkt. 14. The Court has considered the pleadings filed in support of an in opposition to the motion and the remaining file.

- 1

The Department argues this matter should be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), because Lakeview Financial, Inc. ("Lakeview") lacks standing, because the matter is not yet ripe for judicial review, and because Lakeview failed to exhaust administrative remedies. Dkt. 14.

The Department's motion should be denied.

## I.     FACTS AND PROCEDURAL HISTORY

### A. FACTS

This matter arises out of the Department's investigation into Lakeview for violations of Washington's Consumer Loan Act. Dkt. 6. Lakeview is a corporation based in Idaho whose business is providing loans. Dkt. 6.

According to the Department, it received a complaint against Lakeview by a Washington State consumer on or about January 17, 2020. Dkt. 14 at 3. It then issued Lakeview a Subpoena to Provide Documents and Explanation to determine whether Lakeview violated Washington's Consumer Loan Act, RCW § 31.04. *Id.* After Lakeview failed to respond to the subpoena, the Department instituted a proceeding in Thurston County Superior Court to enforce the subpoena, which it voluntarily dismissed after Lakeview adequately responded. *Id.* The Department offered Lakeview a draft Consent Order as part of settlement negotiations, which seeks a fine of $5,000, an investigation fee of $2,146.21, investigation costs of $18,489.50, and refunds to Washington consumers in the amount of $1,124,681.33. Dkt. 15 at 7.

On April 12, 2021, Lakeview filed this action alleging that the Department's enforcement of the Washington Consumer Loan Act against Lakeview violates the Commerce Clause and Due Process Clause and discriminates against interstate commerce. Dkt. 6 at 9–10. Lakeview emphasizes that it is an Idaho corporation that does not maintain stores, employees, or agents in

1 Washington, and its contacts with the State of Washington historically have been extremely

2 limited. *Id.* The Complaint seeks declaratory and injunctive relief. *Id.*

### B. PENDING MOTION

In the pending motion, the Department argues that Lakeview's complaint should be dismissed under the *Younger* doctrine, for lack of standing, because it is not ripe, and because Lakeview failed to exhaust administrative remedies. The Court will discuss the issues in that order.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### B. *YOUNGER* DOCTRINE DOES NOT COMPEL ABSTENTION

The *Younger* abstention doctrine derives from the principles of equity and comity and

"the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43–44. Under *Younger*, federal courts should abstain from exercising jurisdiction when there is an ongoing, state-initiated proceeding against the putative federal plaintiff in state court. *Gilbertson v. Albright*, 381 F.3d 965, 970–71 (9th Cir. 2004) (quoting *Younger*, 401 U.S. at 44).

So, for example, if a criminal defendant currently being tried in state court sues the state in federal court and asks the federal court to declare that the state statute he is charged with violating is unconstitutional, the *Younger* doctrine would compel the federal court to abstain from exercising jurisdiction. *Younger*, 401 U.S. at 38–39.

Abstention, however, is an exception to a federal court's "virtually unflagging" obligation to hear and decide cases. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). Therefore, it only applies to three categories of state proceedings: (1) criminal prosecutions; (2) civil enforcement proceedings including administrative actions; and (3) "civil proceedings involving orders uniquely in furtherance of the state courts' ability to perform their judicial function." *Id.* at 77; *see Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (civil enforcement of nuisance statute); *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986) (administrative enforcement of anti-sex discrimination law); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (state bar administrative discipline proceeding).

If a state proceeding fits into one of those three categories, abstention is warranted when there is: (1) an ongoing, state-initiated judicial proceeding; "(2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the

proceeding or have the effect of doing so, i.e. would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

### 1. STATE PROCEEDING IS NOT ONGOING

Though it appears enforcement of the WCLA by the Department could fall into the second category of covered proceedings as a civil enforcement action, *Younger* abstention is not appropriate because there is not an ongoing state-initiated judicial proceeding against Lakeview.

The crux of the Department's argument is that an "administrative <u>investigation</u> and adjudicative hearing is considered an 'ongoing proceeding' under *Younger*." The Department cites *Ohio Civil Rights Cmm'n v. Dayton Cristian Schools* to support that assertion, but it is a misreading of that case to say that an administrative investigation qualifies as an ongoing proceeding. 477 U.S. at 627 (applying *Younger* to state administrative "proceedings").

The definition of "proceeding" is more formally linked to the commencement of formal charges against the plaintiff. *See id.* (applying *Younger* to administrative actions that are "judicial in nature"). The Supreme Court has allowed some latitude to the rule that formal charges must be pending in state court for *Younger* to apply by holding that it applies if state proceedings commence before any substance of the merits has taken place in the federal court. *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The word "proceeding" in that holding is linked to the filing of charges in municipal court, not an investigation into the federal plaintiff. *See id.* Lower courts have stated this more clearly: the mere "possibility that a state proceeding may lead to a future prosecution of the federal plaintiff is not enough." *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 817 (7th Cir. 2014); *see also Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016) (issuance of an administrative subpoena does not create an "ongoing proceeding");

*United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013) (requiring commencement of formal enforcement proceedings to constitute an ongoing proceeding); *Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 519 (1st Cit. 2009) (same); *Major League Baseball v. Butterworth*, 181 F. Supp. 2d 1316, 1321 n.2 (N.D. Fla. 2001) ("Unless and until someone files a proceeding in court, [civil investigatory demands] are simply part of an executive branch investigation.").

Requiring the commencement of a more formal judicial or quasi-judicial enforcement also make sense when considered with the principles of equity and comity underlying *Younger*. With equity, courts consider whether "the moving party has an adequate remedy at law," and aim "to . . . avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Younger*, 401 U.S. 37, 43–44. As for comity, which is the "more vital consideration," federal courts should respect the state system and leave state institutions free to perform their functions in their ways. *Id.* at 44.

The Department admits that it has not decided whether to initiate an enforcement action against Lakeview. Dkt. 14 at 7. This mere possibility of future charges does not give Lakeview a definite opportunity to bring the Constitutional arguments raised here in a state enforcement action, there are no state proceedings to duplicate in federal court, and any disruption in the state system is minimal at this point because the Department has not decided whether to initiate enforcement proceedings for violation of the WCLA.

That the Department issued a subpoena against Lakeview, filed an action in Washington State Superior Court to enforce that subpoena, and offered a draft Consent Order as part of ongoing negotiations does not change this investigation into an enforcement proceeding.

Therefore, *Younger* abstention is not appropriate in this case.

## C. STANDING

The doctrine of standing derives from Article III of the Constitution, which limits "federal-court jurisdiction to actual 'cases or controversies.'" *Raines v. Byrd*, 521 U.S. 811, 818 (1997). The purpose of the standing requirement is to show that the plaintiff has a personal stake in the dispute, and that it is proper for judicial resolution. *Id.* at 818–19; *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must show the "irreducible constitutional minimum" of: (1) injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that will likely be redressed by a favorable decision. *Lujan*, 504 U.S. at 560.

The Department argues that Lakeview cannot establish injury-in-fact because the investigation into Lakeview is still ongoing. Dkt. 14 at 10. To establish injury-in-fact, a plaintiff must demonstrate injury that is "actual or imminent, not conjectural or hypothetical." *Lujan*, 501 U.S. at 560. When an alleged injury is based on threatened or possible future prosecution, it is not necessary that an individual expose him or herself to actual arrest or prosecution. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014). Instead, a plaintiff establishes injury-in-fact "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.*

For example, the Supreme Court found that a plaintiff who was warned he would be arrested for trespass if he continued to distribute handbills protesting the Vietnam War established a credible threat of injury, *id.* at 159 (discussing *Steffel v. Thompson*, 415 U.S. 452 (1974)), as did booksellers who sought to sell 16 books that arguably violated a law making it a crime to "knowingly display for commercial purpose material that is harmful to juveniles," *Driehaus*, 573 U.S. at 160 (citing *Virginia v. Am. Booksellers Assn. Inc.*, 484 U.S. 383, 386

(1988)). Notably, these plaintiffs "'alleged an actual and well-founded fear that the law would be enforced against them.'" *Id.*

Here, too, Lakeview alleges a credible threat of civil enforcement. The issuance of a subpoena and offering a draft Consent Order supports a well-founded fear that the Department is seriously investigating Lakeview and may enforce the law against it.

That these actions are insufficient to establish an "ongoing proceeding" under *Younger* but do establish injury-in fact may seem peculiar, but it is sensible for two reasons. First, *Younger* exists as a narrow exception to general rule that a federal court must hear cases for which it has jurisdiction, *Sprint*, 571 U.S. at 77, and standing is a separate inquiry. That different rules reach different conclusions is a product of their nature. Second, if the standing inquiry always matched the *Younger* analysis, then federal courts would be prevented from hearing Constitutional preenforcement challenges to state laws. *See Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 594 (7th Cir. 2012). A federal court, however, is a proper place to bring such a claim. *See id.* (the idea of *Younger* precluding federal preenforcement challenges to state laws is "obviously not right."). Accordingly, "*Younger* abstention . . . does not affect the standing inquiry." *Id.*; *see Downtown Soup Kitchen v. Muni. of Anchorage*, 406 F. Supp. 3d 776 (D. Alaska 2019) (plaintiff had standing but *Younger* abstention was not appropriate).

In sum, the Department's investigations into Lakeview, including the issuance of a subpoena and a draft Consent Order, establish a credible threat of prosecution and establish injury-in-fact. That injury is fairly traceable to the Department, and a favorable decision would redress its injury. Therefore, Lakeview has standing to bring its claim.

**D. RIPENESS**

Similar to the standing doctrine, "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation omitted). Ripeness has particular significance in the context of challenging agency action, where courts require "final agency action" before a plaintiff may challenge an agency regulation in court. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 150 (1967).

This case, however, is not an "abstract disagreement [] over administrative policies[.]" *Id.* at 148. The Department has made clear that it is investigating Lakeview, and that a formal Statement of Charges may follow. Dkt. 14 at 12. Lakeview has already been required to comply with a subpoena and demonstrates a credible threat of enforcement that makes its claim ripe for adjudication.

**E. ADMINISTRATIVE REMEDIES**

The Department's final argument is that Lakeview failed to exhaust administrative remedies.

As a general rule, this means "when an adequate administrative remedy is provided, it must be pursued before the courts will intervene." *Orion Corp. v. State*, 103 Wn.2d 441, 156 (1985); *see Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

The Department argues that this rule compels Lakeview to complete settlement negotiations before a court may intervene. Dkt. 14 at 13. The Department does not provide support for the assertion that informal negotiations constitute an adequate administrative remedy, and this doctrine appears to be linked to a more formally designated administrative structure. *See Woodford*, 548 U.S. at 90.

Accordingly, Lakeview has not failed to exhaust administrative remedies.

Therefore, it is hereby **ORDERED**:

- Defendants' motion to dismiss (Dkt. 14) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of June, 2021.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge